| | |
|---|---|
| SQUARE A CONSTRUCTION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HELMSMAN HOMES, LLC, NEST ) | |
| HOMES, LLC, MERGE PROPERTIES, ) | |
| LLC, LANDCRAFTERS SITEWORK & ) | |
| DEVELOPMENT, LLC, HN AVIATION, ) | |
| LLC, BRIAR CREST COMMONS, LLC, ) | |
| COLONY ROAD, LLC, COURTVIEW ) | |
| HOLDINGS, LLC, CRESCENT GOLF ) | |
| HOLDINGS, LLC, DIDIO ) | |
| DEVELOPMENT GROUP, LLC, ) | |
| HARBOR CHASE DEVELOPMENT, ) | |
| LLC, HELMSMAN HOLDINGS, LLC, ) | |
| HIGHLAND HINCKLEY NC, LLC, ) | |
| HIGHLAND REALTY, LLC, INDIGO ) | |
| OAK, LLC, IRON HOLDINGS, LLC, ) | |
| KENNERLY TOWNS DEVELOPMENT, ) | |
| LLC, MOUNTAINVIEW LAND ) | **COMPLAINT** |
| HOLDINGS, LLC, NEST ) | **[JURY TRIAL DEMANDED]** |
| COMMUNITIES, LLC, NEST FLORIDA ) | |
| BUILDERS, LLC, NEST HOMES OF ) | |
| THE CAROLINAS, LLC, OATES ROAD ) | |
| HOLDINGS, LLC, PRESTWICK ) | |
| COMPANY, LLC, RIVER TOP ) | |
| DEVELOPMENT, LLC, ATWATER ) | |
| WATERFRONT, LLC, BLACKWOOD ) | |
| CREEK DEVELOPMENT PARTNERS, ) | |
| LLC, BLUEFIELDS OF LKN, LLC, ) | |
| BRIAR CREST COMMONS, LLC, ) | |
| BROWN COBBLE HOLLOW ) | |
| DEVELOPMENT, LLC, CALVIN CREEK ) | |
| DEVELOPMENT, LLC, CLARK ) | |
| VILLAGE DEVELOPMENT PARTNERS, ) | |
| LLC, COTTAGES AT BACK CREEK ) | |
| DEVELOPMENT PARTNERS, LLC, ) | |
| CREEKSTONE DEVELOPMENT, LLC, ) | |
| CROSSRAIL DEVELOPMENT ) | |
| PARTNERS, LLC, ERVIN CONCORD | |

| DEVELOPMENT, LLC, EXEMPLAR | ) |
| HOLDINGS, LLC, FAIRWAY ACRES | ) |
| DEVELOPMENT, LLC, FRESHWATER | ) |
| LANDING DEVELOPMENT | ) |
| PARTNERS, LLC, GAUVAIN WOOD, | ) |
| LLC, GRANITE DC, LLC, ERIC WOOD, | ) |
| individually, and ZENO HAWKINS, | ) |
| individually. | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

NOW COMES the Plaintiff, Square A Construction, Inc. ("Plaintiff"), complaining of the Defendants Helmsman Homes, LLC, Nest Homes, LLC; Landcrafters Sitework & Development, LLC; HN Aviation, LLC; Briar Crest Commons, LLC; Colony Road, LLC; Crescent Golf Holdings, LLC; Didio Development Group, LLC; Harbor Chase Development, LLC; Helmsman Holdings, LLC; Highland Hinckley, NC, LLC; Iron Holdings, LLC; Kennerly Towns Development, LLC; Nest Communities, LLC; Nest Homes of the Carolinas, LLC; Oates Road Holdings, LLC; River Top Development, LLC; Atwater Waterfront, LLC; Blackwood Creek Development Partners, LLC; Briar Crest Commons, LLC; Brown Cobble Hollow Development, LLC; Calvin Creek Development, LLC; Clark Village Development Partners, LLC; Cottages at Back Creek Development Partners, LLC; Creekstone Development, LLC; Crossrail Development Partners, LLC; Ervin Concord Development, LLC; Exemplar Holdings, LLC; Fairway Acres Development, LLC; Freshwater Landing Development Partners, LLC; Gauvain Wood, LLC; Granite DC, LLC; Nest Florida Builders, LLC; Bluefields of LKN, LLC; Merge Properties, LLC; Eric Wood Insurance Services, LLC; Courtview Holdings, LLC; Highland Realty, LLC; Mountainview Land Holdings, LLC; Prestwick Company, LLC; and Indigo Oak,

LLC, Eric Wood, individually, and Zeno Hawkins, individually (all together the "Defendants"), as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a corporation organized and existing under the laws of North Carolina and regularly conducting business in North Carolina.

2. Upon information and belief, Helmsman Homes, LLC is a limited liability company organized under the laws of North Carolina with its principal office located at 236 Raceway Dr., Ste. 7, Mooresville, NC, Iredell County.

3. Upon information and belief, Nest Homes, LLC; Landcrafters Sitework & Development, LLC; HN Aviation, LLC; Briar Crest Commons, LLC; Colony Road, LLC; Crescent Golf Holdings, LLC; Didio Development Group, LLC; Harbor Chase Development, LLC; Helmsman Holdings, LLC; Highland Hinckley, NC, LLC; Iron Holdings, LLC; Kennerly Towns Development, LLC; Nest Communities, LLC; Nest Homes of the Carolinas, LLC; Oates Road Holdings, LLC; River Top Development, LLC; Atwater Waterfront, LLC; Blackwood Creek Development Partners, LLC; Briar Crest Commons, LLC; Brown Cobble Hollow Development, LLC; Calvin Creek Development, LLC; Clark Village Development Partners, LLC; Cottages at Back Creek Development Partners, LLC; Creekstone Development, LLC; Crossrail Development Partners, LLC; Ervin Concord Development, LLC; Exemplar Holdings, LLC; Fairway Acres Development, LLC; Freshwater Landing Development Partners, LLC; Gauvain Wood, LLC; and Granite DC, LLC; are all limited liability companies organized under the laws of North Carolina with a principal office located at 236 Raceway Drive, Ste. 7, Mooresville, NC 28117, Iredell County, NC.

4. Upon information and belief, Nest Florida Builders, LLC is a limited liability corporation formed under the laws of the state of Florida with its principal office located at 236 Raceway Drive, Ste. 7, Mooresville, NC 28117, Iredell County, NC.

5. Upon information and belief, Bluefields of LKN, LLC is a limited liability corporation formed under the laws of the state of Delaware with its principal office located at 236 Raceway Drive, Ste. 7, Mooresville, NC 28117, Iredell County, NC.

6. Upon information and belief, Merge Properties, LLC is a limited liability company organized under the laws of North Carolina with its principal office located at 129 Homer Ln, Mooresville, NC 28117, Iredell County, NC.

7. Upon information and belief, Courtview Holdings, LLC; Highland Realty, LLC; Mountainview Land Holdings, LLC; and Prestwick Company, LLC; are limited liability corporations formed under the laws of the state of South Carolina with Defendant Zeno Hawkins serving as the Registered Agent with an address of 19 W Stone Ave. Ste. A, Greenville, SC 29609 and receiving funds and/or assets from the co-defendant entities.

8. Upon information and belief, Indigo Oak, LLC is a limited liability corporation formed under the laws of the state of South Carolina with Defendant Zeno Hawkins serving as the Registered Agent with an address of 3 Baynard Peninsula, Hilton Head, SC 29928 and receiving funds and/or assets from the co-defendant entities.

9. Upon information and belief, Eric Wood is an individual residing in Iredell County, North Carolina.

10. Upon information and belief, Zeno Hawkins is an individual residing in Beaufort County, SC but having significant contacts with Iredell County, NC as a Manager of the Defendant corporations.

11. The amount in controversy is well in excess of $75,000.

12. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

13. Venue is proper in this judicial district.

## FACTUAL BACKGROUND

14. Plaintiff is a construction company specializing in masonry and related work.

15. Plaintiff entered a subcontract agreement ("Subcontract") with Defendant Helmsman Homes, LLC for the masonry on multiple single-family homes in various communities.

16. Defendant Helmsman Homes, LLC issued several Purchase Orders to Plaintiff for each property where work was performed.

17. Each Purchase Order incorporates the terms of the Subcontract.

18. Plaintiff has satisfactorily and completely performed its scope of work pursuant to the Purchase Orders.

19. Defendant Helmsman Homes, LLC has failed to compensate Plaintiff for the work performed.

20. Defendant Helmsman Homes, LLC has repeatedly advised Plaintiff that payment is forthcoming.

21. Defendant Helmsman Homes, LLC currently owes Plaintiff an amount of at least NINE HUNDRED THREE THOUSAND TWO HUNDRED FORTY-ONE DOLLARS AND 31/100 ($903,241.31) plus interest, costs and attorney's fees.

22. Plaintiff has repeatedly demanded payment from Defendant Helmsman Homes, LLC.

23. Defendant Helmsman Homes, LLC has failed to pay Plaintiff.

24. Defendant Helmsman Homes, LLC's failure to compensate Plaintiff is a material breach of the Subcontract.

25. Defendant Helmsman Homes, LLC has advised that it has not paid Plaintiff because it does not have the means to pay.

26. Upon information and belief, Defendants Nest Homes, LLC; Landcrafters Sitework & Development, LLC; HN Aviation, LLC; Briar Crest Commons, LLC; Colony Road, LLC; Crescent Golf Holdings, LLC; Didio Development Group, LLC; Harbor Chase Development, LLC; Helmsman Holdings, LLC; Highland Hinckley, NC, LLC; Iron Holdings, LLC; Kennerly Towns Development, LLC; Nest Communities, LLC; Nest Homes of the Carolinas, LLC; Oates Road Holdings, LLC; River Top Development, LLC; Atwater Waterfront, LLC; Blackwood Creek Development Partners, LLC; Briar Crest Commons, LLC; Brown Cobble Hollow Development, LLC; Calvin Creek Development, LLC; Clark Village Development Partners, LLC; Cottages at Back Creek Development Partners, LLC; Creekstone Development, LLC; Crossrail Development Partners, LLC; Ervin Concord Development, LLC; Exemplar Holdings, LLC; Fairway Acres Development, LLC; Freshwater Landing Development Partners, LLC; Gauvain Wood, LLC; Granite DC, LLC; Nest Florida Builders, LLC; Bluefields of LKN, LLC; Merge Properties, LLC; Eric Wood Insurance Services, LLC; Courtview Holdings, LLC; Highland Realty, LLC; Mountainview Land Holdings, LLC; Prestwick Company, LLC; and Indigo Oak, LLC (collectively the "Corporate Defendants"), and Defendant Helmsman Homes, LLC all share common ownership and control by Defendants Eric Wood and Zeno Hawkins.

27. Upon information and belief, Defendant Eric Wood has transferred money and assets from Defendant Helmsman Homes, LLC to the Corporate Defendants.

28. Upon information and belief, Defendant Zeno Hawkins has transferred money and assets from Defendant Helmsman Homes, LLC to the Corporate Defendants.

29. Upon information and belief, Defendant Eric Wood is aware of the debts of Defendant Helmsman Homes, LLC and has been moving money and assets out of the company to avoid collectability of judgments against Helmsman Homes, LLC.

30. Upon information and belief, Defendant Zeno Hawkins is aware of the debts of Defendant Helmsman Homes, LLC and has been moving money and assets out of the company to avoid collectability of judgments against Helmsman Homes, LLC.

## **PIERCE THE CORPORATE VEIL & ALTER EGO**

31. The corporate veil of Helmsman Homes, LLC should be pierced to the extent the liabilities of Helmsman Homes, LLC are beyond the confines of the corporation to achieve equity.

32. Liability should be imposed on Defendants Eric Wood and Zeno Hawkins (collectively "Individual Defendants") personally who have operated Helmsman Homes, LLC as a mere instrumentality.

33. Individual Defendants have exhibited control, including complete domination, not only of the finances, but of policy and business practices such that the Helmsman Homes, LLC in its transactions with Plaintiff had at the time, no separate mind, will, or existence of their own.

34. Individual Defendants used their control to commit a fraud, wrong, violation of a positive legal duty, or a dishonest and unjust act in contravention of Plaintiff's legal rights.

35. Individual Defendants control and breach of duties to Plaintiff, proximately caused Plaintiff's losses and has interfered with Plaintiff's ability to recover against Defendant Helmsman Homes, LLC, alone.

36. Upon information and belief, Defendant Helmsman Homes, LLC has inadequate capitalization.

37. Individual Defendants have failed to follow corporate formalities, exhibiting complete domination and control of Helmsman Homes, LLC such that it has no independent identity, and instead excessively fragmented a single enterprise into separate corporations.

38. In effect, Individual Defendants appear to be simply shifting their business operations among the Corporate Defendants to leave Helmsman Homes, LLC—the entity on the Subcontract with Plaintiff—completely undercapitalized and unable to fulfill its legal obligations to Plaintiff.

39. Upon information and belief, Individual Defendants have used the Corporate Defendants to shield his activities and avoid liability to Plaintiff.

40. Individual Defendants are the alter ego of Helmsman Homes, LLC and the Corporate Defendants.

41. As a result of these actions, and others as will be revealed at trial, which fail to comply with the law and public policy of North Carolina, Individual Defendants should be held personally liable for all damages that Helmsman Homes, LLC is ordered to pay to Plaintiff.

## **CIVIL CONSPIRACY**

42. Individual Defendants have conspired with Corporate Defendants and acted in agreement to shift operations among the Helmsman Homes, LLC and the Corporate Defendants in order to divert assets and leave Plaintiff without a means of recovery.

43. Individual Defendants have committed an overt act in furtherance of the conspiracy by shifting business operations among Helmsman Homes, LLC and the Corporate Defendants, all while failing to pay Plaintiff for work performed and advising Plaintiff that Helmsman Homes, LLC does not have the ability to pay.

44. This conspiracy is unlawful as Defendants have failed to follow all corporate formalities and legal duties owed to creditors such as Plaintiff.

45. This conspiracy is pursuant to a common scheme among Defendants and has resulted in damages to Plaintiff.

## **BREACH OF CONTRACT**

46. The forgoing allegations are realleged and incorporated herein by reference.

47. The Subcontract (including all associated Purchase Orders) is an enforceable contract between Plaintiff and Defendant Helmsman Homes, LLC.

48. Plaintiff substantially provided all services subscribed under the Subcontract.

49. Despite receiving the full benefit of Plaintiff's services, Defendant Helmsman Homes, LLC has failed to pay Plaintiff NINE HUNDRED THREE THOUSAND TWO HUNDRED FORTY-ONE DOLLARS AND 31/100 ($903,241.31), which is currently due and owing under the Subcontract

50. Defendant Helmsman Homes, LLC has materially and substantially breached the Subcontract with Plaintiff by failing to pay Plaintiff NINE HUNDRED THREE

THOUSAND TWO HUNDRED FORTY-ONE DOLLARS AND 31/100 ($903,241.31), that remains due and owing under the parties' valid and enforceable Subcontract.

51. As a direct and proximate result of Defendant Helmsman Homes, LLC's breach of the Subcontract, Plaintiff has been damaged in the principal amount of NINE HUNDRED THREE THOUSAND TWO HUNDRED FORTY-ONE DOLLARS AND 31/100 ($903,241.31), in addition to interest, attorney's fees, treble damages, and court costs.

52. Under the legal doctrine of Piercing the Corporate Veil, Alter Ego and Civil Conspiracy, and other legal doctrines as will be shown at trial and are allowed by law, all Defendants should be held jointly and severally liable for these damages.

## UNJUST ENRICHMENT

53. The foregoing allegations are realleged and incorporated herein by reference.

54. Plaintiff provided services to Defendant Helmsman Homes, LLC per the Subcontract.

55. Defendant Helmsman Homes, LLC knowingly and voluntarily accepted the benefit of these services

56. Plaintiff did not provide and services to Defendant Helmsman Homes, LLC as a gift or gratuitously, nor did Defendant Helmsman Homes, LLC understand the services from Plaintiff to be a gift or gratuity.

57. Defendant Helmsman Homes, LLC would be unjustly enriched if it were permitted to receive and enjoy the benefit of Plaintiff's services without paying Plaintiff the fair value of such services provided.

58. Plaintiff is entitled to the net value of the services provided to Defendant Helmsman Homes, LLC in the principal amount of NINE HUNDRED THREE THOUSAND TWO

HUNDRED FORTY-ONE DOLLARS AND 31/100 ($903,241.31), in addition to interest, attorney's fees, treble damages, and court costs.

59. Under the legal doctrine of Piercing the Corporate Veil, Alter Ego, Civil Conspiracy and other legal doctrines as will be shown at trial and are allowed by law, all Defendant should be held jointly and severally liable for these damages.

## **FRAUDULENT TRANSFER – N.C.G.S. §§ 39-23.1,** *et. seq***.**

60. The forgoing allegations are realleged and incorporated herein by reference.

61. Upon information and belief, Corporate Defendants and Individual Defendants are each separately and/or collectively an "affiliate" of Defendant Helmsman Homes, LLC, as that term is defined in N.C.G.S. § 39-23.1(1).

62. Upon information and belief, Corporate Defendants and Individual Defendants are each separately and/or collectively an "insider" of Defendant Helmsman Homes, LLC, as that term is defined in N.C.G.S. § 39-23.1(7).

63. At all times relevant to this action, Plaintiff has been a "creditor" as the holder of a "claim" against Defendant Helmsman Homes, LLC, as those terms are defined in N.C.G.S. § 39-23.1(3)-(4).

64. At all times relevant to this action, Defendant Helmsman Homes, LLC has been a "debtor" of Plaintiff, as that term is defined in N.C.G.S. § 39-23.1(6).

65. Upon information and belief, Defendants entered into a scheme to transfer, and did transfer, Defendant Helmsman Homes, LLC's money and assets to the Corporate Defendants without Defendant Helmsman Homes, LLC receiving a reasonable equivalent value, as that term is defined in N.C.G.S. § 39-23.3, in exchange for the transfer,

Defendant Helmsman Homes, LLC was insolvent, as that term is defined in N.C.G.S. § 39-23.2, at the time or became insolvent as a result of the transfer.

66. As a result, Defendants have conspired together and violated the Uniform Voidable Transactions Act enacted by North Carolina, and Plaintiff is therefore entitled to an avoidance of such transfers to the extent necessary to satisfy Plaintiff's claim against Defendant Helmsman Homes, LLC, to levy execution on the assets transferred (or its proceeds), and to obtain a Judgment against all Defendants, jointly and severally, in the principal amount of NINE HUNDRED THREE THOUSAND TWO HUNDRED FORTY-ONE DOLLARS AND 31/100 ($903,241.31) in addition to interest, attorney's fees, treble damages, and court costs.

## BREACH OF FIDUCIARY DUTY

67. The forgoing allegations are realleged and incorporated herein by reference.
68. Individual Defendants conduct as described above amounts to a winding up or a dissolution of Helmsman Homes, LLC.
69. As a Member, Manager, and Officer of Defendant Helmsman Homes, LLC, Individual Defendants owe a fiduciary duty to Plaintiff as a creditor of Defendant Helmsman Homes, LLC.
70. Individual Defendants breached those fiduciary duties by, at the very least, taking advantage of his position for his own benefit at the expense of Plaintiff.
71. As a direct and proximate result of Individual Defendants' breach of fiduciary duties, Plaintiff has been damaged in the principal amount of NINE HUNDRED THREE THOUSAND TWO HUNDRED FORTY-ONE DOLLARS AND 31/100 ($903,241.31) in addition to interest, attorney's fees, treble damages, and court cost.

72. Under the legal doctrines of Piercing the Corporate Veil, Alter Ego, Civil Conspiracy, and other legal doctrines as will be shown at trial and are allowed by law, all Defendants should be jointly and severally liable for these damages.

## CONSTRUCTIVE FRAUD

73. The forgoing allegations are realleged and incorporated herein by reference.

74. As described above, Individual Defendants owed fiduciary duties to Plaintiff.

75. Individual Defendants created Corporate Defendants for the purpose of continuing Defendant Helmsman Homes, LLC's operations under the name of a separate corporate entity.

76. Individual Defendants took these steps to shield his business operations from liability for claims or judgment against Defendant Helmsman Homes, LLC.

77. Individual Defendants breached his fiduciary duties to Plaintiff and sought to benefit himself to Plaintiff's detriment.

78. Such conduct constitutes constructive fraud.

79. As a direct and proximate result of Defendants Constructive Fraud, Plaintiff has been damaged in the principal amount of NINE HUNDRED THREE THOUSAND TWO HUNDRED FORTY-ONE DOLLARS AND 31/100 ($903,241.31) in addition to interest, attorney's fees, treble damages, and court cost.

80. Under the legal doctrines of Piercing the Corporate Veil, Alter Ego, Civil Conspiracy, and other legal doctrines as will be shown at trial and are allowed by law, all Defendants should be jointly and severally liable for these damages.

## FACILITATIONS OF FRAUD

81. The forgoing allegations are realleged and incorporated herein by reference.

82. As alleged herein, Defendants conspired together to defraud Plaintiff.

83. Defendants made Defendant Helmsman Homes, LLC insolvent by shifting operations to Corporate Defendants and then proceeding to engage in the same work under the Corporate Defendants to bypass and avoid paying Plaintiff.

84. As such, Defendants committed an overt tortious act in furtherance of an agreement and scheme to deceive Plaintiff by fraudulently transferring assets and business operations to other entities, then refusing to pay Plaintiff money legally due and owing under a binding Subcontract.

85. As a direct and proximate result of Defendants facilitation of fraud, Plaintiff has been damaged in the principal amount of NINE HUNDRED THREE THOUSAND TWO HUNDRED FORTY-ONE DOLLARS AND 31/100 ($903,241.31) in addition to interest, attorney's fees, treble damages, and court cost.

86. Under the legal doctrines of Piercing the Corporate Veil, Alter Ego, Civil Conspiracy, and other legal doctrines as will be shown at trial and are allowed by law, all Defendants should be jointly and severally liable for these damages.

## UNFAIR AND DECEPTIVE TRADE PRACTICES

87. The forgoing allegations are realleged and incorporated herein by reference.

88. As described above, Defendants' actions constitute unfair and/or deceptive trade practices, as those terms are used in N.C.G.S. § 75-1, *et seq*.

89. Defendants' actions involve commercial business activities, and more than one corporate entity in the marketplace, thus affecting commerce.

90. As a direct and proximate result of Defendants' unfair and deceptive trade practices, Plaintiff has been damaged in the principal amount of NINE HUNDRED THREE

THOUSAND TWO HUNDRED FORTY-ONE DOLLARS AND 31/100 ($903,241.31) in addition to interest, attorney's fees, treble damages, and court cost.

91. Under the legal doctrines of Piercing the Corporate Veil, Alter Ego, Civil Conspiracy, and other legal doctrines as will be shown at trial and are allowed by law, all Defendants should be jointly and severally liable for these damages.

## PRAYER FOR RELEIF

WHEREFORE, the Plaintiff respectfully prays that the Court enter Judgment, jointly and severally against the Defendants as follows:

1. That Plaintiff have and recover judgment against Defendants, jointly and severally, on each of the above-mentioned claims for relief in the principal amount of NINE HUNDRED THREE THOUSAND TWO HUNDRED FORTY-ONE DOLLARS AND 31/100 ($903,241.31);

2. That any and all damages assessed at trial be trebled against the Defendants, jointly and severally, for their unfair or deceptive trade practices, as provided by N.C.G.S. § 75-16;

3. That all costs of this action, including attorney's fees, as allowed by N.C.G.S. § 75-16.1, and elsewhere by law, be taxed against Defendants, jointly and severally;

4. That the Court pierce the corporate veil and find all Defendants jointly and severally liable for all damages awarded to Plaintiff.

5. That the Court void any and all fraudulent transfers between Defendants and award Plaintiff all relief allowed by N.C.G.S. § 39-23.7, including any other relief the circumstances may require;

6. That the judgment against Defendants bear pre-judgment and post-judgment interest at the contractual or legal rate;

7. That all issues of fact be tried by jury; and

8. That Plaintiff have such other and further legal and equitable relief as the Court may deem just and proper.

This the 3rd day of April, 2025.

ADAMS AND REESE, LLP

*/s/Ashlee B. Poplin*
Ashlee B. Poplin
3440 Toringdon Way, Ste. 205
Charlotte, NC 28277
704.533.9226
Ashlee.Poplin@arlaw.com
*Attorney for Plaintiff*